**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE:** ) | **CHAPTER 13** |
| ) | **CASE NO. 25-51310** |
| **TIMOTHY W. WEAKLEY** ) | |
| ) | **JUDGE ALAN KOSCHIK** |
| Debtor. ) | |
| ) | **RESPONSE IN OPPOSITION TO** |
| ) | **MOTION TO COMPEL JD BYRIDER** |
| ) | **TO TURNOVER 2012 CHEVROLET** |
| ) | **CAMARO** |
| ) | |
| ) | **(HEARING REQUESTED)** |
| ) | |

Creditor, National Auto Group, Inc. d/b/a Byrider-Akron ("Byrider") hereby responds in opposition to the Motion to Compel Turnover of 2012 Chevrolet Camaro (the "Motion") filed by Debtor, Timothy W. Weakley ("Debtor"). The Debtor's Motion should be denied.

On or about July 12, 2025, the Debtor entered into a Retail Installment Contract and Security Agreement (the "Contract"), attached hereto as Exhibit "A", with Byrider, by which the Debtor agreed to purchase a 2012 Chevrolet Camaro (the "Vehicle") from Byrider for the purchase price (including sales tax) of $17,249.10. Debtor paid an initial down payment of $1,000 under the terms of the Contract, but failed to pay the deferred down payment amounts due beginning on July 18, 2025. Debtor also failed to obtain his own insurance on the Vehicle. Due to the Debtor's breaches of the Contract, Byrider repossessed the Vehicle on July 30, 2025 without having any knowledge of the Debtor's intent to file for bankruptcy or any actual bankruptcy filing. After repossessing the Vehicle, Byrider was contacted by Debtor's counsel stating that Debtor filed for bankruptcy on July 30, 2025.

A "creditor may retain possession of collateral repossessed pre-petition [unless and until] adequate protection is provided or offered" by the debtor. *In re Coleman*, 229 B.R. 428, 432 (Bankr. N.D. Ill. 1999) (citing *In re Spears v. Ford Motor Credit Co.*, 223 B.R. 159, 163 (Bankr. N.D. Ill. 1998) (collecting cases)). Further, it has been held that as "long as [debtor]'s automobile remained uninsured, [creditor] had no obligation to return the automobile to [debtor] and, therefore, did not violate the automatic stay provisions of Section 362 by retaining possession of the motor vehicle." *In re Sutton*, 87 B.R. 46, 48 (Bankr. S.D. Ohio 1988).

Here, the Debtor entered into the Contract with Byrider to purchase the Vehicle a mere two and a half weeks before filing for bankruptcy and made an affirmative statement to Byrider in a credit application that he had not previously filed for bankruptcy. The Debtor then proceeded to default on his payments due under the Contract and did not obtain his own insurance on the Vehicle. Byrider lawfully, and without having any notice of the Debtor's intent to file for bankruptcy, or of an actual bankruptcy filing, repossessed the Vehicle. The Debtor has not given Byrider adequate assurance of performance of the Contract or obtained his own insurance on the Vehicle and would put Byrider's collateral (aka the Vehicle) in jeopardy if the Vehicle were turned over to the Debtor. For all of these reasons, the Debtor's Motion should be denied and Byrider should be permitted to retain possession of the Vehicle.

Respectfully submitted,

*/s/ Matthew R. Duncan*
Matthew R. Duncan (0076420)
BRENNAN, MANNA & DIAMOND, LLC
75 East Market Street
Akron, OH 44308
P: (330) 253-5060 / F: (330) 253-1977
mrduncan@bmdllc.com
*Counsel for National Auto Group, Inc. d/b/a Byrider-Akron*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2025, the foregoing was electronically filed with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. A copy was also sent via regular U.S. mail to:

| | |
|---|---|
| Nicole L. Rohr-Metzger | Keith L. Rucinski, Chapter 13 Trustee |
| 4930 Hills & Dales Rd., NW | One Cascade Plaza, Suite 2020 |
| Canton, OH 44708 | Akron, OH 44308 |
| *Attorney for Debtor* | |

*/s/ Matthew R. Duncan*
Matthew R. Duncan (0076420)
*Counsel for National Auto Group, Inc. d/b/a Byrider-Akron*